CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 23 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVEN RAY SHELTON,<br>    The Petitioner, | Civil Action No.7:06cv00070 |
| v. | **MEMORANDUM OPINION** |
| WARDEN, LUNEBURG<br>CORRECTIONAL CENTER,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Steven Ray Shelton brings this 28 U.S.C. § 2254 petition, challenging his convictions in the Circuit Court of Montgomery County for malicious wounding and robbery. Shelton claims that the police violated his Fourth and Fourteenth Amendment rights in seizing and searching him without reasonable suspicion; that the trial court violated his Fifth and Fourteenth Amendment due process and equal protection rights when it permitted a nolle prosequi without a showing of good cause; that the trial court violated his rights to a speedy trial under the Sixth Amendment; that his appellate counsel was ineffective in failing to raise each of the preceding matters on appeal; that the trial court excluded him from two pretrial hearings in violation of the Sixth Amendment; and that the trial court erred in various other ways. This matter is before the court on the respondent's motion to dismiss. The court finds that Shelton's ineffective assistance of appellate counsel claims were adjudicated in the state courts and that adjudication was not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of fact and that his remaining claims are procedurally defaulted, or otherwise not cognizable in federal habeas. Therefore, the court grants respondent's motion to dismiss.

# I.

A jury in the Circuit Court of Montgomery County found Shelton guilty of malicious wounding and robbery, and the court sentenced him to 15 years.[1] Shelton appealed his conviction to the Court of Appeals of Virginia, raising three arguments: (1) the trial court excluded him from discovery and suppression hearings in violation of Virginia Code § 19.2-259; (2) the trial court erred in not appointing new counsel when he complained that his attorney had violated the attorney-client privilege; and (3) the trial court erred in not granting him a continuance to prepare for trial. The court rejected the first argument on various grounds, including the ground that Shelton had not raised it in the trial court and could not raise it for the first time on appeal. It considered and rejected the second and third arguments together, essentially concluding that Shelton had not articulated anything in the trial court demonstrating that his attorney had breached Shelton's attorney-client privilege and should have been relieved or that the trial court abused its discretion in denying Shelton's request for a continuance. Shelton did not appeal to the Supreme Court of Virginia.

Shelton then filed a habeas petition in the Supreme Court of Virginia. Among other claims, Shelton alleged that counsel was ineffective in failing to perfect an appeal to the Supreme Court of Virginia. That court granted Shelton a belated appeal to that court and dismissed his other claims without prejudice. In his belated appeal to the Supreme Court of Virginia, Shelton raised the same grounds he had raised in the Court of Appeals and argued additionally that the

---

[1] At Shelton's criminal trial, the victim testified that on the evening of June 21, 2000, on the Virginia Tech campus, Shelton and two others attacked him. He further testified that they caused him serious injuries, including a broken cheek bone and that they stole a mini-cassette recorder.

2

trial court had erred by not striking two jurors for cause who had previously seen an article about the case, by denying the defendant's motion to suppress evidence, and in granting a nolle prosequi without a showing of good cause. The court refused Shelton's petition for appeal without comment.

Shelton then filed a second habeas petition in the Supreme Court of Virginia. In that petition, Shelton claimed that he was subjected to an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments; that the trial court erred when it delayed his trial by granting a nolle prosequi without a showing of good cause; that the trial court had violated his speedy trial rights under the Fifth and Fourteenth Amendment and state law; and that appellate counsel was ineffective in failing to raise these issues on direct appeal.

Citing Slayton v. Parrigan, 215 Va. 27, 29 (1974), cert. denied, 419 U.S. 1108 (1975), the court held that Shelton's failure to raise his non-ineffective assistance claims on direct appeal precluded the court from hearing them on habeas review. As to Shelton's claims of ineffective assistance, the court found that Shelton failed to meet either the deficient performance or prejudice prong of Strickland v. Washington, 466 U.S. 668, 687 (1984). According to the court, under Jones v. Barnes, 463 U.S. 745, 751 (1983), appellate counsel need not raise every possible issue on appeal and that counsel's decision not to raise the issues was reasonable based on the trial court's findings. Further, the court held that had he raised them, there was not a reasonable probability that the outcome of the proceeding would have been different.

In his § 2254 petition, Shelton claims that the police violated his Fourth and Fourteenth Amendment rights when they seized and searched him without a reasonable articulable suspicion; that the trial court violated his Fifth and Fourteenth Amendment due process and equal

3

protection rights when it permitted a nolle prosequi without a showing of good cause; that the trial court violated his rights to a speedy trial under the Sixth Amendment; and that appellate counsel was ineffective because he did not raise each of the preceding claims on appeal. In addition, he claims that the trial court erred in refusing to appoint new counsel, in excluding him from two pretrial proceedings, in refusing to grant a continuance, and in refusing to strike two jurors for cause.

## II.

Shelton's claims that appellate counsel was ineffective for failing to raise various issues on appeal were adjudicated and denied on the merits in the Supreme Court of Virginia. Accordingly, this court cannot grant relief on those claims unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 364-5 (2000). Citing Jones v. Barnes, 463 U.S. 745, 751 (1983), the Supreme Court of Virginia found that the selection of issues to be raised on appeal is at the discretion of counsel and that counsel need not raise every possible issue. Therefore, merely failing to raise an allegation of error on appeal did not amount to ineffective assistance.

Further, the court concluded that even if counsel had raised those claims, Shelton could not establish the outcome of his appellate proceedings would have been different. Specifically, it found the search and seizure issue dependent upon findings of fact that were rooted in credibility

4

determinations that are supported by the record; it found that trial counsel only voiced an unarticulated and general objection to the nolle prosequi order and that Virginia Supreme Court Rule 5A:18 would bar any attempt to raise the issue on appeal;[2] finally, the court found that there was no speedy trial violation. Thus, the court found Shelton could not establish that but for appellate counsel's alleged errors the outcome of his appellate proceedings would have been different and, therefore, he failed to satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668, 687 (1984). As the Supreme Court of Virginia correctly identified controlling Supreme Court precedent, and as a review of the record before it discloses that it did so in a plausible, reasonable fashion, this Court is constrained to dismiss Shelton's ineffective assistance of counsel claims.

### III.

Shelton's remaining claims are not reviewable, either because they are defaulted or raise only state law claims. The Supreme Court of Virginia addressed Shelton's claims that police violated his Fourth and Fourteenth Amendment rights in seizing and searching him, that the trial court erred in permitting the nolle prosequi, and that trial court violated his speedy trial rights. It found them to be procedurally defaulted under Slayton v. Parrigan, 215 Va. 27, 29 (1974), which is an independent and adequate state procedural ground barring federal review.[3] Shelton's claim that the trial court erred in refusing to strike two jurors for cause was not properly exhausted in

---

[2]Virginia Supreme Court Rule 5A:18 bars appellate review of an issue where the appellant failed to raise an objection and state the grounds at the time of the challenged court ruling or action.

[3] Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998)(citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

5

the Virginia state courts.[4] Thus, it is simultaneously exhausted and defaulted under Teague v. Lane, 489 U.S. 288, 297-99 (1989), and, therefore, not reviewable on federal habeas.[5] Accordingly, this court may not review those claims unless Shelton shows cause and prejudice to excuse his procedural defaults. Shelton has made no such showing;[6] therefore, the court dismisses them.

Finally, as Shelton alleges only that the trial court erred in hearing his co-defendants' motion for discovery and a motion to suppress evidence in his absence in violation of Virginia Code § 19.2-259, and as state law claims are not cognizable for federal review,[7] this claim must also be dismissed.

---

[4] A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989)(noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement). Shelton admits that he failed to raise this claim in his direct appeal to the Court of Appeals, and, although Shelton raised it in his belated appeal to the Supreme Court of Virginia, the Supreme Court of Virginia refused his petition without comment. Therefore the claim was not properly presented to the state court and is thus barred from federal habeas review.

[5] The court notes that Shelton also failed to present this claim in his state habeas petition. Nonetheless, had he raised this claim, the Supreme Court of Virginia would have refused to review it pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974), which, as noted above, is an independent and adequate state ground barring federal habeas review

[6] To the extent Shelton argues that his attorney's omissions constitute cause and prejudice capable of excusing his procedural defaults, it is without merit. Attorney error can constitute cause for procedural default only if the error amounted to constitutionally ineffective assistance as defined in Strickland v. Washington, 466 U.S. 668, 687 (1984). However, as found herein, the court finds that counsel was not constitutionally ineffective.

[7] See Estelle v. McGuire, 502 U.S. 62, 67(1991)(citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

6

## VII.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This 23rd day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

7